**COLE SCHOTZ P.C.**
Stuart Komrower, Esq.
Conor D. McMullan, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
skomrower@coleschotz.com
cmcmullan@coleschotz.com

*Counsel to the Town of Kearny*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| 87 JACOBUS AVE, LLC., | Case No. 23-14955 (SLM) |
| Debtor. | (Jointly Administered) |

**NOTICE OF HEARING ON TOWN OF KEARNY'S MOTION FOR DESIGNATION OF 87 JACOBUS AVE, LLC AS A SINGLE ASSET REAL ESTATE DEBTOR**

**PLEASE TAKE NOTICE** that on **November 14, 2023 at 11:00 a.m. (ET)**, or as soon thereafter as counsel can be heard, the above-captioned debtor (the "**Debtor**") by and through its undersigned counsel, shall move (the "**Motion**") before the Honorable Stacey L. Meisel, 50 Walnut Street, Courtroom 3A, Newark, N.J. 07102, (the "**Bankruptcy Court**"), for entry of an Order substantially in the form submitted with the motion for designation of 87 Jacobus Ave, LLC as a single asset real estate debtor, all as more fully set forth in the Motion.

**PLEASE TAKE FURTHER NOTICE** that the Motion sets forth the relevant legal and factual bases upon which the relief requested therein should be granted. A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (i) be in writing, (ii) state with particularity the basis of the objection; and (iii) be

filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the (a) *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* (the "**Case Management Order**") and (b) *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the Case Management Order, the General Order, and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in this chapter 11 case may be obtained free of charge by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

*[Remainder of Page Intentionally Left Blank]*

**PLEASE TAKE FURTHER NOTICE** that, unless responses are timely and properly filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

Respectfully Submitted,

Dated: October 24, 2023

By: ___*/s/ Stuart Komrower*___
**COLE SCHOTZ P.C.**
Stuart Komrower, Esq.
Conor D. McMullan, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
skomrower@coleschotz.com
cmcmullan@coleschotz.com

*Counsel for the Town of Kearny*

**COLE SCHOTZ P.C.**
Stuart Komrower, Esq.
Conor D. McMullan, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
skomrower@coleschotz.com
cmcmullan@coleschotz.com

*Counsel to the Town of Kearny*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>87 JACOBUS AVE, LLC.,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 23-14955 (SLM)<br><br>(Jointly Administered) |

**TOWN OF KEARNY'S MOTION FOR DESIGNATION OF 87 JACOBUS AVE, LLC**
**AS A SINGLE ASSET REAL ESTATE DEBTOR**

The Town of Kearny ("**Kearny**"), by and through its undersigned counsel, hereby moves (this "**Motion**") the Court for an order designating the real property owned by 87 Jacobus Ave, LLC (the "**Debtor**"), which property is known as Block 289, Lot 13 and 13.01, Kearny, New Jersey (the "**Property**"), as "single asset real estate" ("**SARE**") as defined in section 101(51B) of title 11 of the United States Code (the "**Bankruptcy Code**"). In support of this Motion, Kearny respectfully states as follows:

**PRELIMINARY STATEMENT**

1. Despite the Debtor tactically and improperly failing to identify this case as "single asset real estate" in its filings, the Debtor is unquestionably a SARE debtor, as defined by section 101(51B). A review of the Petition, the Schedules, SOFAs and the MORs (all as defined below) filed in this case clearly demonstrate that the Debtor purports to own a single piece of real estate

in Kearny, New Jersey and that the Debtor is not operating as a business in relation to the Property or in any sense of the term.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction to adjudicate this Motion pursuant to 28 U.S.C. §§ 157(a) and 1134.  This Motion constitutes a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), as it concerns the administration of the Debtor's bankruptcy estate.  The statutory predicate for the relief requested herein is section 101(51B) of the Bankruptcy Code.

## FACTUAL BACKGROUND

3.      On June 7, 2023 (the "**Petition Date**"), the Debtor filed a petition relief under Chapter 11 of the Bankruptcy Code (the "**Petition**") and, as of the date hereof, continues to manage its property as a debtor-in-possession.  In the Petition, the Debtor did not identify itself as a "single asset real estate" debtor as defined by section 101(51B) of the Bankruptcy Code.  [Docket No. 1 at No. 7].

4.      On June 21, 2023, the Debtor filed a series of documents, including its Statement of Financial Affairs For Non-Individuals (the "**SOFAs**"), Schedules, Summary of Assets and Liabilities for Non-Individuals A/B, D, E/F, G, and H (collectively, the "**Schedules**", and together with the SOFA, the "**Schedules and SOFAs**")).  [Docket No. 19].  Other than the Property, the Schedules and SOFAs show that the Debtor's only other asset as of the Petition Date was a JPMorgan Chase Bank account with a balance of $1.35.00.  [Docket No. 19, Schedule A/B, Part 1].  Furthermore, the Debtor scheduled $0.00 for: (i) deposits and prepayments, (ii) accounts receivable, (iii) investments, (iv) inventory, (v) farming and fishing-related assets, (vi) office furniture, fixtures, and equipment; and collectibles, (vii) machinery, equipment, and vehicles, (viii)

2

intangibles and intellectual property and (ix) all other assets. [Docket No. 19, Schedule A/B, Part 12].

5. The Debtor scheduled Kearny as having an unliquidated claim against the Property in the amount of $15,462,701.19. [Docket No. 19, Schedule D, Part 1]. The Debtor's Schedules show that there are claims totaling at least $107,370,046.20 against the Property. [Docket No. 19, Schedule D, Part 1].

6. On July 20, 2023, the Debtor filed a monthly operating report for June 2023 [Docket No. 48] (the "**June MOR**"). The June MOR shows that the Debtor did not conduct any business during the June 2023, as the Debtor did not have any revenue during the reporting period nor did it have any expenses. The Debtor did report that it received $150.00 from an unknown source but that receipt is not attributed to any business operation of the Debtor.

7. On August 21, 2023, the Debtor filed a monthly operating report for July 2023 [Docket No. 74] (the "**July MOR**"). The July MOR again shows that the Debtor did not conduct any business during the reporting period, as the Debtor did not attribute any of its cash holdings to "gross income" or any other source. The Debtor did report that it received $1,280.00 from an unknown source but that receipt is not attributed to any business operation of the Debtor.

8. On September 21, 2023, the Debtor filed a monthly operating report for August 2023 [Docket No. 93] (the "**August MOR**"). The August MOR shows that the Debtor operated at a loss of $278.00 for August 2023 due to a single expense line item. The documentation included with the August MOR again shows that the Debtor did not conduct any business during the reporting period and does not include any business-related cash receipts.

9. On October 20, 2023, the Debtor filed a monthly operating report for September 2023 [Docket No. 119] (the "**September MOR**", and together with the June MOR, July MOR,

3

and August MOR, the "**MORs**"). The September MOR shows that the Debtor operated at a loss of $41.00 for September 2023 due to a single expense line item. The documentation included with the September MOR again shows that the Debtor did not conduct any business during the reporting period and does not include any business-related cash receipts. Furthermore, the Debtor reported that it was completely underwater as of the end of September 2023 with a negative equity/net worth of $68,318,985.00.

## ARGUMENT

10.     Section 101(51B) defines "single asset real estate" as:

> [R]eal property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto.

11 U.S.C. § 101(51B); *see also In re Kara Homes, Inc.*, 363 B.R. 399, 404 (Bankr. D.N.J. 2007). It follows that a case may be designated as "single asset real estate" if: (1) the debtor's real property, which constitutes a single property of project; (2) the property in questions generates substantially all of the income of the debtor; and (3) the debtor is not involved in any substantial business other than the operation of the property in question and activities incidental thereto. *Kara Homes*, 363 B.R. at 404 (quoting *In re Philmont Dev. Co.*, 181 B.R. 220, 224) (Bankr. E.D. Pa. 1995)).

11.     As to the first factor, courts have held that a debtor holding multiple parcels of real property may be subject to a SARE designation if the debtor's intent or purpose to treat the multiple parcels as a single project. *See, e.g. In re JJMM Int'l Corp.*, 467 B.R. 275 (Bankr. E.D.N.Y. 2012). Courts have focused on how a debtor treats the property or properties in question and found the debtor to be a SARE debtor where the properties are associated or linked with one another in some

4

fashion in a common plan or scheme involving their use. *See, e.g. In re McGreal*, 201 B.R. 736, 742 (Bankr. E.D Pa. 1996). Here, the Debtor's Schedules and SOFAs show that the Property is the Debtor's only asset, in which the Debtor has no equity value. While the Schedules and SOFAs do indicate that the Debtor claims ownership of multiple lots, 13 and 13.01, this distinction is in name only and the Property is treated as a single lot for tax and other purposes. Additionally, there are no residential buildings located on the Property and the Property is not zoned for such a use. Thus, the first factor provided by section 101(51B) weighs in the favor of a SARE designation.

12. On the second factor, whether the property in question generates all or substantially all of the income of the debtor, is satisfied where the real estate provides for a substantial portion of its gross income and can be shown where a debtor's primary source of income or revenue is the sale, rental, or operation of the real property. "Simply put, the Court queries whether the nature of the activities are of such materiality, that a reasonable and prudent business person would expect to generate substantial revenues from the operation activities—separate and apart from the sale or lease of the underlying real estate." *Kara Homes*, 363 B.R. at 406; *see also In re Scotia Pacific Co., LLC*, 508 F.3d 214, 222 (5th Cir. 2007). Whether the property in question is undeveloped and/or vacant and thereby not producing any income "is of little consequence for purposes of [section 101(51B)], since . . . Congress did not intend to excuse from compliance with [the SARE requirements] the class of debtors who hold undeveloped tracts of land for future development." *In re Pensignorkay, Inc.*, 204 B.R. 676, 682 (Bankr. E.D. Pa. 1997); *see also In re Source Hotel, LLC*, 606 F.Supp.3d 952, 961 (C.D. Ca. 2022) (holding that an undeveloped hotel property, which were not generating any income, met the second element of section 101(51B)). As set forth above, a review of the Debtor's MORs show that the Property is not generating any income. Put another

way $0.00 is substantially all of the income derived from the Property and the Debtor generates no other income. Accordingly, the second factor supports a SARE designation in this case.

13. Finally, as to the third factor, courts look to the material nature of the alleged business use and the income derived from the debtor's use of the real estate in question. In *Kara Homes*, the debtors were in the business of buying land, building single family homes, selling the completed homes and maintaining the developments post-sale. 363 B.R. at 405. There, the court held that, despite those business activities, the debtors were SARE debtors because such activities were "merely incidental to the [debtors] efforts to sell the . . . homes or condominium units and do not constitute substantial business" as required by the case law. *Id*. at 406 (citing *In re Kkemko, Inc.*, 181 B.R. 47, 51 (Bankr. S.D. Ohio 1995) (finding a marina owner-debtor was not a SARE debtor because the debtor's business required more than renting the marina moors and slips. The debtor was also in the business of boat storage, repair and winterization, as well as providing showers, food, fuel, a pool and other activities for boaters)); *see also In re Webb MTN, LLC*, No. 07-32016, 2008 Bankr. LEXIS 691, at *12-13 (Bankr. E.D. Tenn. Mar. 6, 2008) (finding a single development project qualifies for SARE designation). The facts of *Kara Homes* stand in stark contrast with the facts of the case at hand. The Debtor is not operating any business that could be deemed incidental to the Property nor, as noted, is it conducting business in any other manner. The MORs are clear that the Debtor is not engaging in business or otherwise generating any income from the Property. As such, the third factor under section 101(51B) is clearly met in this case and the Court should designate this case as "single asset real estate."

14. Considering the statutory requirements and related case law, it is clear from our facts that this case is a textbook example of "single asset real estate" and it must be designated as such.

15. By its failure to designate this proceeding as a SARE case, the Debtor has had the benefit of evading its requirements under Bankruptcy Code section 362(d)(3) to, among other things, file a plan of reorganization that has a reasonable chance of being confirmed within a reasonable time. One could conclude that the presentation of the Petition to the Court by competent counsel without the required designation that this is a SARE case was done for the improper purpose of evading the requirements of section 362(d)(3) to "buy time." Had the Petition been properly designated, the Debtor would have had to pay interest or file a confirmable plan of reorganization by September 7, 2023. Kearny respectfully submits that the improper delay no longer be countenanced, and that the Debtor comply with its section 362(d)(3) obligations by thirty (30) days after a SARE determination is made, failing which the automatic stay be automatically vacated as of that date.

## WAIVER OF MEMORANDUM OF LAW

16. Due to this Motion containing the necessary legal authorities and arguments and same do not assert novel issues of law, Kearny respectfully requests the Court waive the requirement of the service and filing of a separate memorandum of law pursuant to Local Rule 9013-1(a).

## NO PRIOR REQUEST

17. No previous motion for the relief sought herein has been made to this or any other court.

7

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Town of Kearny respectfully requests that the Court (i) grant the Motion, and enter an Order granting the relief requested herein, substantially in the form attached hereto as **Exhibit A**, and (ii) grant such other and further relief that the Court deems just and proper.

Dated: October 24, 2023               Respectfully Submitted,

By:    */s/ Stuart Komrower*
     **COLE SCHOTZ P.C.**
     Stuart Komrower, Esq.
     Conor D. McMullan, Esq.
     Court Plaza North, 25 Main Street
     Hackensack, New Jersey 07601
     Telephone: (201) 489-3000
     skomrower@coleschotz.com
     cmcmullan@coleschotz.com

*Counsel for the Town of Kearny*